UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JONATHAN JACKSON,

                                 **Plaintiff,**

   vs.                                                    9:19-CV-193
                                                                    (MAD/TWD)

**J. RELF et al.,**

                                 **Defendants.**

---

**APPEARANCES:**                                      **OF COUNSEL:**

**JONATHAN JACKSON**
05-A-2182
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562
Plaintiff *pro se*

**HON. LETITIA JAMES**                         **ERIK PINSONNAULT, AAG**
Attorney General for the State of New York
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

     Plaintiff, an inmate currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 1983, alleging the following claims: Eighth Amendment conditions of confinement, Fourteenth Amendment procedural due process, and Fourteenth Amendment substantive due process. *See* Dkt. No. 1. Specifically, Plaintiff alleges that he was subjected to unwarranted disciplinary sanctions following a disciplinary hearing which he contends did not adequately protect his due process rights. *See id.* His initial disciplinary determination was later reversed by

the Director of Special Housing/Inmate Disciplinary Program, after Plaintiff had allegedly served a total of one-hundred and seventeen days in disciplinary confinement. *See id.*; Dkt. No. 34 at 4.

Plaintiff's claims arose while he was in the custody of DOCCS as an inmate at the Great Meadow Correctional Facility ("Great Meadow"). *See* Dkt. No. 1. As a result of an initial review by the Court, Plaintiff's claims were significantly narrowed. *See* Dkt. No. 7. Specifically, the remaining claims include the following: (1) Plaintiff's Fourteenth Amendment disciplinary due process claim against Deputy Superintendent of Administration Relf ("Relf"); and (2) Plaintiff's Fourteenth Amendment due process claims against Corrections Officer Brockley ("Brockley") and Corrections Lieutentant Scarlotta ("Scarlotta") (collectively, "Defendants"). *See* Dkt. No. 7 at 20. Additionally, in the April 8, 2019 initial review, the Court dismissed Defendants Raimo and Zarnelli for their lack of personal involvement in any of the alleged constitutional violations. *See id.*

On July 25, 2019, Defendants Relf and Scarlotta moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff failed to plead sufficient facts to establish: (1) that he was deprived of a liberty interest; (2) the personal involvement of Defendant Scarlotta; and (3) entitlement to a declaratory judgment. *See* Dkt. No. 21-1. Plaintiff opposed the motion. *See* Dkt. No. 27. On September 25, 2019, Defendant Brockley moved to dismiss the complaint pursuant to Rule 12(b)(6) on the grounds that Plaintiff failed to allege sufficient facts to establish: (1) that he was deprived of a liberty interest; (2) the personal involvement of Brockley; and (3) entitlement to declaratory judgment. *See* Dkt. No. 29-1.

In an Order and Report-Recommendation dated January 6, 2020, Magistrate Judge Dancks recommended that Defendants' motions to dismiss be granted in part and denied in part. *See* Dkt.

2

No. 34. Specifically, Magistrate Judge Dancks found that Plaintiff's claim for declaratory relief should be dismissed as moot because Plaintiff is no longer incarcerated at Great Meadow. *See* Dkt. No. 34 at 7. As to Plaintiff's Fourteenth Amendment Procedural Due Process claims, Magistrate Judge Dancks recommended that the Court deny Defendants' motions, finding that Plaintiff had plausibly alleged both a deprivation of a protected liberty interest and the personal involvement of Defendants Brockley and Scarlotta. *See id.* at 15-16. Currently before the Court is Magistrate Judge Dancks' January 6, 2020 Order and Report-Recommendation, to which neither party has submitted objections.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not

3

extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id*. at 555 (citation omitted), and present claims that are "plausible on [their] face." *Id*. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id*. (quoting [*Twombly*, 550 U.S.] at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed." *Id*. at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has instructed that the court is obligated

to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Having carefully reviewed the Order and Report-Recommendation, the parties' submissions, and the applicable law, the Court finds that Magistrate Judge Dancks correctly determined that the Court should grant in part and deny in part Defendants' motions to dismiss for failure to state a claim. Specifically, the Court finds that Magistrate Judge Dancks correctly determined that the Court should dismiss Plaintiff's claim for declaratory relief as moot. Next, the Court finds that the recommendation correctly determined that Defendants' motions to dismiss as to Plaintiff's Fourteenth Amendment due process claims against Defendants Relf, Brockley, and Scarlotta should be denied. Magistrate Judge Dancks found that Plaintiff plausibly alleged a protected liberty interest based in part upon the purported duration of his disciplinary confinement. Accepting the allegations in the complaint as true and drawing all reasonable inferences in Plaintiff's favor, Magistrate Judge Dancks determined that Plaintiff plausibly alleged being subjected to 117 days of disciplinary confinement, an "intermediate" range of duration. An intermediate-duration period of confinement may implicate a liberty interest if the conditions therein represent an "atypical and significant hardship."

Further, Plaintiff also alleges a deprivation of personal property while in the Special Housing Unit ("SHU"), stating that when he "arrived in SHU, he was not given his property for 4 days and when he got his propert[y] many of his possessions were missing." *See* Dkt. No. 27 at 2. As Magistrate Judge Dancks noted, similar allegations have been found sufficient to survive a motion to dismiss. *See Smith v. Hamilton*, No. 9:15-cv-496, 2016 WL 3823395, *3-4 (N.D.N.Y. July 12, 2016); *James v. Gage*, No. 15-cv-106, 2018 WL 2694436, *15 (S.D.N.Y. June 5, 2018).

5

Finally, the Court finds that the recommendation correctly determined that Plaintiff plausibly alleged the personal involvement of Defendants Scarlotta and Brockley, as they authored the misbehavior report at issue and participated in the disciplinary hearing at which Plaintiff was allegedly deprived of his due process rights.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' January 6, 2020 Order and Report-Recommendation is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motions to dismiss (Dkt. Nos. 21 and 29) are **GRANTED in part** and **DENIED in part**; and the Court further

**ORDERS** that Plaintiff's claim for declaratory relief is **DISMISSED as moot**; and the Court further

**ORDERS** that Plaintiff's Fourteenth Amendment due process claims against Defendants Relf, Brockley, and Scarlotta survive the motions to dismiss; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 3, 2020
      Albany, New York

_Mae A. D'Agostino_
U.S. District Judge